CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 18 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEVIN D. SNODGRASS, JR., | CASE NO. 7:14CV00269 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| v. | |
| DAVID ROBINSON, ET AL., | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant(s). | |

Kevin D. Snodgrass, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials excluded him from participating in the 2013 Ramadan fast, in violation of his sincere Sunni Muslim religious beliefs. For this alleged violation of his rights under the Constitution and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, et seq. ("RLUIPA"), Snodgrass seeks monetary and injunctive relief. The defendants have filed a motion for summary judgment, among other things arguing that they are entitled to qualified immunity against Snodgrass' claims for monetary damages. On this basis, the defendants also moved for and were granted a protective order staying discovery pending a ruling on the threshold issue of qualified immunity. After review of the record, the court concludes that the defendants' motion must be denied on qualified immunity grounds and that Snodgrass is entitled to discovery before completing his response to their motion on other grounds.

First, Snodgrass seeks injunctive relief as well as monetary damages. Qualified immunity is not a defense against his claims for injunctive relief under the First Amendment and RLUIPA. Williams v. Ozmint, 716 F.3d 801, 808 (4th Cir. 2013) ("The defense of qualified immunity has no bearing, however, on claims for prospective court action such as injunctive

relief."). Therefore, the defendants' argument that they should not be burdened with responding to his discovery requests is not well taken.

Second, the defendants have not demonstrated that they are entitled to qualified immunity against Snodgrass' requests for monetary damages. An officer is entitled to qualified immunity against such claims if the court, taking the facts in the light most favorable to the plaintiff, finds that: (1) no constitutional or federal statutory right was violated; or (2) the right was not clearly established such that it would not have been "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Henry v. Purnell, 501 F.3d 374, 377 (4th Cir. 2007) (citing Saucier, 533 U.S. at 205).

> Under both the Free Exercise Clause and RLUIPA . . . , a prisoner has a clearly established right to a diet consistent with his religious scruples, including proper food during Ramadan. A prison official violates this clearly established right if he intentionally and without sufficient justification denies an inmate his religiously mandated diet.

Lovelace v. Lee, 472 F.3d 174, 198-99 (4th Cir. 2006) (internal quotations and citations omitted). See also Wall v. Wade, 741 F.3d 492, 502 (4th Cir. 2014) ("Wall's right to participate in Ramadan was clearly established").

Snodgrass alleges that he has a sincere Sunni Muslim belief to fast during daylight hours for Ramadan, that he made a timely request for accommodation of this religious exercise in 2013, and that prison officials refused him Ramadan participation because, at the time of his request, his name was not on the master pass list for attending religious services. Snodgrass alleges that he had been approved for placement on this list and was never notified that not being on that list would preclude him from Ramadan participation. He asserts that, as a result, he was forced to violate his beliefs by not fasting during Ramadan.

2

The court finds that these allegations, taken in the light most favorable to Snodgrass, state actionable claims under RLUIPA and the First Amendment that the defendants' actions (or inactions) violated his clearly established constitutional or statutory rights. Moreover, the court cannot find that using the master pass list as a prerequisite for Ramadan participation in 2013 was rationally related to any legitimate penological interest, if inmates were not clearly notified of this prerequisite in advance, as Snodgrass alleges. See Wall, 741 F.3d at 500 (noting that officials may not assume that a "lack of sincerity (or religiosity) with respect to one practice [of a given religion] means lack of sincerity with respect to others") (quoting Lovelace, 472 F.3d at 188). Therefore, the court will deny the defendants' motion for summary judgment on qualified immunity grounds, lift the protective order, and require them to respond to Snodgrass' discovery requests. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 17th day of November, 2014.

/s/ Glen Conrad
Chief United States District Judge